UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN MOORE, ET AL.                               CIVIL ACTION

VERSUS

HOME DEPOT U.S.A., INC., ET AL.                    NO.: 16-00810-BAJ-RLB

## RULING AND ORDER

Before the Court are the **Motions to Dismiss Entergy Louisiana LLC's ("Entergy") Third Party Complaint (Docs. 53, 54, 72)** filed by S&H Trucking, Inc., Commercial Coolants, Inc. d/b/a Design Air Systems ("Design Air"), and Fleet Personnel Corporation. Also before the Court is the **Motion for Summary Judgment (Doc. 66)** filed by Countrywide Payroll & HR Solutions, Inc., the **Motion to Dismiss (Doc. 71)** filed by Design Air, and the **Motion to Dismiss (Doc. 84)** filed by Home Depot U.S.A., Inc. The parties filed oppositions (Docs. 62, 78, 81, 86, 92) and replies (Docs. 63 and 93), where applicable. For the following reasons, the **Motions to Dismiss (Docs. 53, 54, 71, 72, 84)** are **DENIED** and the **Motion for Summary Judgment (Doc. 66)** is **GRANTED**.

I. BACKGROUND

Plaintiffs Steven Moore and Renee Moore claim that Steven Moore was seriously injured while delivering equipment to a Home Depot in Baton Rouge, Louisiana. (Doc. 1-2). Plaintiffs allege that on November 2, 2015, Mr. Moore arrived at the Home Depot before normal store hours to deliver some equipment for what the

1

Court presumes was some kind of construction project, and that the Home Depot was not ready to unload his cargo. *Id.* at ¶ 2. Plaintiffs allege that Home Depot employees then directed Mr. Moore to a parking area on Home Depot property where they should have known that there was a high voltage power line. *Id.* at ¶ 3-4. Plaintiffs further allege that while preparing to unload his delivery, Mr. Moore came into contact with low-hanging power lines and he sustained significant injuries, including the loss of his leg. *Id.* at ¶¶ 7, 9. Plaintiffs allege that he was employed by S&H Trucking while making the delivery. *Id.* at ¶ 2. Mr. Moore seeks damages as a result of his alleged injury and his wife, Mrs. Moore, seeks damages for loss of consortium. *Id.* at ¶¶ 9, 12)

Plaintiffs sued Home Depot, Entergy, RLM Consulting, LLC, Richard Morris, The Travelers Indemnity Company of Connecticut, Design Air Systems, and Depositors Insurance Company. (Docs. 1-2 and 50). Plaintiffs claim that Home Depot failed to maintain the power line in a safe condition, failed to warn Mr. Moore of an unsafe condition, and failed to ensure that the power line was a safe distance above the ground. (Doc. 1-2 at ¶ 10). Plaintiffs allege that Entergy failed to maintain the power line and to ensure that it was at a safe height, and that it failed to warn Mr. Moore of other dangerous conditions. *Id.* at ¶ 11.

Plaintiffs also claim that Mr. Morris is the sole stock holder of RLM Consulting and that he was the project coordinator/manager of the construction project at the Home Depot. (Doc. 50 at ¶ 1(c)). Plaintiffs claim that Design Air was involved in the construction project as well. *Id.* at ¶ 2-3. Plaintiffs claim that RLM Consulting, Mr.

Morris, and Design Air failed to provide Plaintiff a safe space to unload the HVAC system, failed to ensure that Mr. Moore had a safe area to park, failed to provide adequate supervision, and failed to contact Entergy to ensure that the power line met safe and proper height restrictions. *Id.* at ¶ 2-3, 5. Plaintiff alleges that Travelers was the liability insurer of RLM Consulting, *Id.* at ¶ 4, and that Depositors provided an insurance policy to Design Air. *Id.* at ¶ 5.

Entergy then filed third party demands against S&H Trucking, (Doc. 9), Project RLM Consulting, LLC, Richard Morris, Design Air Systems, and Fleet Personnel Corporation. (Doc. 37).[1] Entergy seeks indemnification from these third party defendants under the Louisiana Overhead Power Line Safety Act because they allegedly failed to contact or notify Entergy of any plans to perform work within ten feet of an Entergy power line, as required by the Overhead Power Act. *Id.* at ¶ 7.

Depositors Insurance Company then filed a crossclaim against Home Depot. (Doc. 68). Depositors alleges that Home Depot demanded that it defend and indemnify Home Depot. *Id.* at ¶ 10. Depositors alleges that about a month later, it declined to defend and indemnify Home Depot. *Id.* at ¶ 33. Depositors alleges that it issued a general liability policy and an umbrella policy to Design Air, in effect at the time of Mr. Moore's accident. *Id.* at ¶ 27. It also claims that Home Depot was not a named insured on the Depositors insurance policies that were issued to Design Air. *Id.* at ¶ 27. Depositors also asserts that Home Depot is not covered by the blanket

---

[1] Entergy initially filed a Third Party Complaint against S&H Trucking and Worldwide Staffing. (Doc. 9). In its Amended Third Party Demand, Entergy substituted Countrywide Payroll for Worldwide Staffing, and named Project RLM Consulting, LLC, Richard Morris, Design Air Systems, and Fleet Personnel Corporation as defendants. (Doc. 37).

3

additional insured endorsements. *Id.* at ¶ 27. Based on these allegations, Depositors seeks a declaratory judgment that it does not owe a duty to indemnify or defend Home Depot. *Id.* at ¶ 35.

## II. DISCUSSION

### A. Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable

4

to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

### 1. *Design Air System's Motion to Dismiss*

Plaintiffs allege that Design Air's negligence caused Mr. Moore's injuries. (Doc. 1-2). Design Air argues that Plaintiffs negligence claim should be dismissed because Design Air Systems did not owe a duty to Mr. Moore at the time of the accident. (Doc. 71-1 at p. 1). In a negligence action under Louisiana law, courts apply the "duty risk analysis" in which a plaintiff must establish, among other things, that the defendant owed the plaintiff a duty of care. *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1086 (La. 2009). Determining whether a defendant owes a duty of care to a plaintiff is a question of law, which turns on "whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Id.* In Louisiana, "[t]here is an almost universal duty on the part of the defendant in a negligence action to use reasonable care to avoid injury to another." *Id.* But "[i]n some cases, the duty is refined more specifically that the defendant must conform his or her conduct to some specially defined standard of behavior." *Boykin v. Louisiana Transit Co.*, 707 So. 2d 1225, 1231 (La. 1998).

Design Air argues that it did not owe a duty to Mr. Moore because Design Air did not exert any control over Mr. Moore while he was delivering equipment to Home Depot. (Doc. 71-1 at p. 6). In support of this contention, Design Air cites *Groover v. Camp Dresser & McKee Inc.*, 420 F. App'x 358 (5th Cir. 2011). In *Groover*, the court

5

held that a principal is not liable for the injuries resulting from the negligent acts of an independent contract, unless the principal controls the contractor's work. *Id.* at 362. Here, however, Plaintiffs do not allege that Design Air was an independent contractor or a principal, rather Plaintiffs allege that Design Air "was involved in the installation of the HVAC equipment for the construction project at the Home Depot facility in Baton Rouge, Louisiana[.]" (Doc. 50 at ¶ 1(f)). Plaintiffs further allege that Design Air was negligent by failing to provide Mr. Moore a safe place to unload, failing to ensure the location to park was safe, and failing to provide adequate supervision of the unloading operation. (Doc. 50 at ¶ 5). In other words, Plaintiffs allege that Design Air was directly negligent to Mr. Moore, and the claims do not implicate agency theories of principal and independent contractor liability. The facts as alleged do not implicate *Groover*. Because Plaintiffs allege that Design Air was involved in the very construction project that resulted in Mr. Moore's injuries, Plaintiffs have alleged sufficient facts to establish that Design Air owed Mr. Moore a duty of care at the time he was injured. *Ashcroft*, 556 U.S. at 679. Plaintiffs therefore adequately allege a claim of negligence against Design Air. Design Air's Motion to Dismiss is denied.

### 2. *S&H Trucking, Design Air, and Fleet Personnel's Motions to Dismiss Entergy's Third Party Complaint*

Entergy filed a third party complaint, seeking indemnification from S&H Trucking, Design Air, and Fleet Personnel because it alleges that they failed to notify Entergy of their plans to perform work within ten feet of its overhead power lines, as required by the Overhead Power Act. (Docs. 9 at ¶ 27 and 37 at p. 2). S&H Trucking,

Design Air, and Fleet Personnel seek to dismiss Entergy's third party complaint. (Docs. 53, 54, 72). The Overhead Power Act provides that: (1) "[w]hen any person desires to temporarily carry on any function, activity, work, or operation" within ten feet of an overhead power line; (2) "the person or persons responsible for the work to be done shall promptly notify the owner or operator of the high voltage overhead line prior to the scheduled commencement of the work."[2] La. R.S. 45:143. If a person violates this provision, they are "liable to the owner or operator of the high voltage overhead line for all damages, costs, or expenses incurred by the owner or operator as a result of the contact" if the violation "results in physical or electrical contact with any high voltage overhead line[.]" La. R.S. 45:144.

### a. Whether S&H Trucking and Fleet Personnel Desired to Work Within Ten Feet of the Power Line

S&H Trucking and Fleet Personnel argue that they did not intend for Mr. Moore to carry on work near an overhead power line, and therefore they are not liable to Entergy under the Overhead Power Act. (Docs. 53-1 at p. 6 and 72-1 at p. 5). The Overhead Power Act only applies to persons who "desire[] to temporarily carry on any function, activity, or operation" within ten feet of an overhead line. La. R.S. 45:143. No court has interpreted this particular provision of the Overhead Power Act. But by its plain terms, the provision means that the Overhead Power Act only applies to

---

[2] The statute also provides that "[s]uch notice shall be reasonable, considering the work to be done; however, the notice shall not be less than forty-eight hours prior to the scheduled commencement of the work, exclusive of holidays and weekends, except in emergency situations that include police, fire, and rescue emergencies, in which case the notice shall be made as soon as possible." La. R.S. 45:143.

7

a person who intends to work near an overhead line, and it does not apply to a person who accidentally or inadvertently works within ten feet of a power line.

Fleet and S&H argue that they did not intend for Mr. Moore to work within ten feet of an overhead power line. (Doc. 72-1 at p. 6 and 53-1 at p. 6). They claim that they "did not instruct, or contemplate, Moore would be carrying on any function within close proximity of overhead power lines." *Id.* This claim is found nowhere in Entergy's Complaint, (Doc. 37), and it is well-established that a party cannot rely on facts outside the complaint on a motion to dismiss. *Bustos*, 599 F.3d at 461. Indeed, a court may only rely on the well-pleaded allegations contained in a complaint when deciding a motion to dismiss. *Id.*

Turning to the Complaint, Entergy alleges that S&H Trucking and Fleet Personnel were "responsible for the construction project, including responsibility for the safe delivery of the component being delivered by Moore." (Doc. 37 at ¶ 6). At the motion to dismiss stage, a court must draw all reasonable inferences in plaintiff's favor. *Ashcroft*, 556 U.S. at 679. Considering that Entergy alleges that S&H Trucking and Fleet Personnel were responsible for the construction project where Mr. Moore contacted Entergy's overhead power line, Entergy has pleaded sufficient facts for the Court to infer that S&H Trucking and Fleet Personnel knew Mr. Moore would be working near the power lines and that they intended for Mr. Moore to work near the overhead power lines.

### b. *Whether S&H Trucking, Fleet Personnel, and Design Air are Persons Responsible For the Work*

S&H Trucking, Fleet Personnel, and Design Air also argue that they are not a "person or persons responsible for the work" and they therefore cannot be liable to Entergy. (Docs. 53-1 at p. 7, 72-1 at p. 7, 54-1 at p. 11). The Overhead Power Act provides that "the person or persons responsible for the work to be done shall promptly notify the owner or operator of the high voltage overhead line prior to the scheduled commencement of the work." La. R.S. 45:143. A person "responsible for the work" includes a company that controls a work site where an overhead power line is located. *See Clardy v. Bruce Foods Corp.*, No. 09-CV-1660, 2014 WL 3778337, at *4 (W.D. La. July 31, 2014).[3] In *Clardy*, a company required truck drivers to wash their trucks in an area where there was an overhead power line. *Id.* at *1. The court held that the company was a person "responsible for the work" when a driver's truck contacted an overhead power line in the area the company required drivers to wash their trucks. *Id.* at *3-4.

S&H, Fleet Personnel, and Design Air claim that they did not exercise control and had no authority over where the construction equipment was unloaded, and that a party other than S&H directed Mr. Moore where to park his truck and supervised the unloading location. (Doc. 53-1 at p. 7-8, 72-1 at p. 7-8, 54-1 at p. 14). Again, these facts do not appear in Entergy's Third Party Complaint. (*See* Docs. 9 and 37). At this stage, the court must "accept[] all well-pleaded facts as true and views those facts in

---

[3] *Clardy v. Bruce Foods Corp* is the only case where a court has interpreted the phrase "persons responsible for the work."

the light most favorable to the plaintiff." *Bustos*, 599 F.3d at 461. Considering that Entergy alleges that S&H Trucking employed Mr. Moore and that S&H, Fleet Personnel, and Design Air were "responsible for the construction project" Entergy has pleaded sufficient facts to indicate that S&H, Fleet Personnel, and Design Air were "responsible for the work" that was being completed at the Home Depot where Mr. Moore contacted the power line. S&H, Fleet Personnel, and Design Air's Motion to Dismiss are denied.

### 3. *Home Depot's Motion to Dismiss Depositors Insurance Company's Cross-Claim*

Depositors filed a crossclaim against Home Depot, seeking a declaratory judgment under 28 U.S.C. § 2201 that Depositors is not required to defend or indemnify Home Depot for the damages sought by Plaintiffs. (Doc. 68 at ¶ 35). Home Depot seeks to dismiss Depositors' crossclaim. (Doc. 84). Before evaluating the merits of a declaratory judgment action, a court must determine whether it can even decide a declaratory judgment action. To do so, a court must engage in a three-step inquiry by examining: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003).

#### a. *Whether the Declaratory Action is Justiciable*

A declaratory action is justiciable if there is an actual controversy between parties with adverse legal interests and it is ripe for review. *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000); *Rowan Companies, Inc. v. Griffin*, 876 F.2d

10

26, 28 (5th Cir. 1989). Home Depot argues that Depositors' request for a declaratory judgment is not ripe because the duty to indemnify cannot be determined until fault is allocated. (Doc. 84-1 at p. 5).[4] The duty to indemnify is governed by separate principles from a duty to defend. *LCS Corr. Servs., Inc. v. Lexington Ins. Co.*, 800 F.3d 664, 668 (5th Cir. 2015). A duty to defend claim is ripe when the underlying suit is filed. *See Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 110 (5th Cir. 2008) ("An actual case or controversy exists before the resolution of an insured's underlying suit concerning the insurer's duty to defend."); *Morad v. Aviz*, No. 12-2190, 2013 WL 1403298, at *2 (E.D. La. Apr. 5, 2013) ("Courts have routinely held that courts may determine an insurer's duty to defend even before the underlying suit is decided.").

By contrast, the duty to indemnify generally does not arise "until the indemnitee actually makes payment or sustains loss." *Appleman Quinlan v. Liberty Bank & Tr. Co.*, 575 So. 2d 336, 340 (La. 1990); *see also First Nat. Bank of Louisville v. Lustig*, 975 F.2d 1165, 1167 (5th Cir. 1992). But the "duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the defense likewise negate any possibility the insurer will ever have a duty to indemnify."

---

[4] Home Depot also argues that because the master services agreement at issue contains a forum selection clause that requires all disputes to be brought in Georgia and that it also requires that Georgia law apply in interpreting the contract, the request for a declaratory judgment should be dismissed. (Doc. 84-1 at p. 4-5). At this stage, the Court is limited to examining the face of the Complaint. The Complaint is silent as to a Georgia choice of law provision, and neither party attached the MSA to its filings. *Ashcroft*, 556 U.S. at 678. Therefore, the Court will not consider Depositors' claims about a Georgia choice of law or forum selection clause at this stage of the proceeding.

11

*Columbia Cas. Co.*, 542 F.3d at 111. For the reasons offered *infra* at II(A)(3)(d), Depositors alleges sufficient facts establishing that it need not indemnify Home Depot for the same reasons it need not defend Home Depot. It's declaratory judgment action is therefore justiciable.

### b. Whether the Court has the Authority to Grant Declaratory Relief

A court does not have the authority to consider a declaratory judgment action when: "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283." *Sherwin-Williams*, 343 F.3d at 388 n.1 (internal citations omitted). The declaratory defendant, Home Depot, has not previously filed a cause of action in state court involving the same issues as those in this Court. Home Depot sued Design Air in Georgia state court for breach of contract because it allegedly refused to defend and indemnify Home Depot against the claims brought against it by Mr. Moore. *See* Complaint, *Home Depot U.S.A., Inc., v. Commercial Coolants, Inc.*, 17-106794 (Ga. Sup. Ct. Sept. 5, 2017). The Georgia state action will not determine whether Depositors must defend and indemnify Home Depot because Depositors is not a party to the Georgia state case. Only Home Depot and Design Air are parties to that action. A declaratory judgment from this Court would also not effectively enjoin the Georgia

12

proceedings because the cases present different issues. Therefore, the Court has the authority to grant declaratory relief.

### c. *Whether the Court Should Exercise its Discretion to Decide the Action*

To determine whether to exercise its discretion to decide a declaratory judgment action, courts must consider the seven *Trejo* factors. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003). The first factor is whether there is a pending state action in which all the matters in controversy may be fully litigated. *Id.* Home Depot filed a Complaint in Georgia state court against Design Air on September 5, 2017. Complaint, *Home Depot U.S.A., Inc., v. Commercial Coolants, Inc.*, 17-106794 (Ga. Sup. Ct. Sept. 5, 2017). Home Depot sued Design Air for breach of contract for refusing to defend and indemnify Home Depot against the claims brought against it by Mr. Moore. *Id.* at ¶ 27. Depositors is not a party to the lawsuit. *Id.* Therefore, the Georgia action will not decide whether Depositors has a duty to defend or indemnify Home Depot.

The second factor is whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant. *Sherwin*-Williams, 343 F.3d 383 at 388. It appears that Depositors filed its crossclaim in this Court because it was already a party to this lawsuit. It does not appear that it anticipatorily filed suit in this Court. The third factor is whether the plaintiff engaged in forum shopping in bringing the suit. *Sherwin-Williams*, 343 F.3d 383 at 388. Depositors did not engage in forum shopping because it sued Home Depot in the forum in which this action was already pending. Plaintiffs initially sued Depositors in this Court, and Depositors brought a

counterclaim against Home Depot. The fourth factor is whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. *Sherwin*-Williams, 343 F.3d 383 at 388.[5] Depositors will not gain precedence in time or change forums because the pending state court action does not present the same issues as this suit. The fifth factor is whether the federal court is a convenient forum for the parties and witnesses. *Sherwin-Williams*, 343 F.3d 383 at 388. The accident at issue occurred in Louisiana, and Home Depot has not argued that this is an inconvenient forum. (Doc. 84-1 at p. 6).

The sixth factor is whether retaining the lawsuit in this Court would serve the purposes of judicial economy. *Sherwin-Williams*, 343 F.3d 383 at 388. Depositors and Home Depot were already parties to this lawsuit and will continue to be parties regardless of the declaratory action; therefore, it is in the interest of judicial economy to retain the declaratory action. The seventh factor is whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams*, 343 F.3d 383 at 388. Depositors is not a party to the Georgia state court proceeding, and therefore this factor weighs in favor of the court exercising jurisdiction over this matter. Because the seven *Trejo* factors weigh in favor of deciding this case, the Court will exercise its discretion to determine whether Depositors owes a duty to indemnify and defend Home Depot.

---

[5] Relevant here is the burden that will be imposed and expenses that will be incurred by the declaratory defendant if the action is allowed to proceed. *USAA Cas. Ins. Co. v. Dydek*, No. 5-CV-333, 2006 WL 3068890, at *3 (W.D. Tex. Sept. 27, 2006).

### d. Whether Depositors States a Claim for Relief under Rule 12(b)(6)

Because the court may decide Depositors' declaratory judgment action, the court must now evaluate the merits of Depositors' claim. Depositors alleges that it need not defend or indemnify Home Depot because although it issued insurance policies to Design Air, it did not issue a policy to Home Depot. (Doc. 68 at ¶ 27-28). More specifically, Depositors alleges that Home Depot was not a named insured or additional insured on the policies it issued to Design Air that were in effect on the date of the accident. *Id.* at ¶ 28. Depositors also alleges that a 2010 master services agreement, which Home Depot based its indemnity and defense demands on, is not a contract but merely an agreement to abide by certain terms in the event the parties agreed to do something in the future. *Id.* at ¶ 12. Taking these allegations as true, there is no contract whatsoever that obligates Depositors to indemnify or defend Home Depot.[6] Depositors alleges that it did not issue a policy to Home Depot, and that the maintenance services agreement does not bind it to do anything. *See Page v. Gulf Oil Corp.*, 775 F.2d 1311, 1315 (5th Cir. 1985) (holding that a master services agreement "merely sets out the rules of the game in the event that the parties decide to play ball[.]"). Depositors therefore alleges sufficient facts to establish that it is not required to defend or indemnify Home Depot. Home Depot's Motion to Dismiss is denied.

### B. Countrywide Payroll's Motion for Summary Judgment

Entergy seeks indemnification from Countrywide because it alleges that Countrywide failed to notify Entergy of plans to perform work within ten feet of its

15

overhead power lines, as required by the Overhead Power Act. (Docs. 9 at ¶ 27 and 37 at p. 2). Countrywide, a staffing company, moves for summary judgment in its favor. (Doc. 66). Entergy does not oppose Countrywide's motion for summary judgment. (Doc. 75). When a party does not file an opposition to a motion for summary judgment, the court is permitted to consider the facts alleged in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment as a matter of law. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

The undisputed facts establish that Countrywide contracted with Fleet Personnel, who contracted with S&H Trucking, who directed Mr. Moore to deliver air conditioning equipment to Home Depot. (Doc. 66-2 at p. 1-2). Under its contract with Fleet, Countrywide shifted all responsibility for control, supervision, safety, and "any hazardous conditions to which [Moore] may be exposed at the work site[.]" to Fleet. *Id.* at ¶ 4. As previously discussed, only a "person or persons responsible for the work" is liable to Entergy under the Overhead Power Act. *See* La R.S. 45:143. Because the undisputed facts show that Countrywide was not responsible for Mr. Moore's work, Countrywide is not liable to Energy under the Overhead Power Act. The Court grants Countrywide's Motion for Summary Judgment.

III. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 53)** filed by S&H Trucking is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 54)** filed by Commercial Coolants, Inc. d/b/a Design Air Systems is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Doc. 66)** filed by Countrywide Payroll & HR Solutions is **GRANTED**. Entergy Louisiana, LLC's claims against Countrywide Payroll & HR Solutions are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 71)** filed by Design Air Systems is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 72)** filed by Fleet Personnel Corp. is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 84)** filed by Home Depot is **DENIED**.

Baton Rouge, Louisiana, this 7th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA