# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**STEVEN MOORE AND RENEE MOORE**                    **CIVIL ACTION**

**VERSUS**
                                                     **NO. 16-810-BAJ-RLB**
**HOME DEPOT USA, INC., ET AL.**

## AMENDED SCHEDULING ORDER

Before the Court is an *Ex Parte* Motion of Plaintiffs for Extension of Deadlines for Disclosure of Identifies of Experts and Submission of Expert Reports (R. Doc. 97) filed on November 3, 2017. Plaintiffs represent that certain "defendants have suggested additional extensions may be necessary" and that no defendants have objected to the requested extensions by a deadline proffered by Plaintiffs. (R. Doc. 97 at 2).

Also before the Court is defendant Commercial Coolants, Inc.'s ("Commercial Coolants") Motion for Stay of Discovery, or in the Alternative, Motion to Modify Scheduling Order (R. Doc. 98) filed on November 8, 2017. Commercial Coolants represents that at least two other parties oppose the relief sought. (R. Doc. 98-1 at 3).

The Court issued an Order requiring any response to the foregoing motions to be filed on or before November 17, 2017. (R. Doc. 99). No party filed a response.[1] Accordingly, the foregoing motions are unopposed. LR 7(f).

**I.  Background**

On or about November 2, 2016, Steven Moore and Renee Moore ("Plaintiffs") initiated this action in the 19th Judicial District Court, East Baton Rouge, Louisiana, naming as

---

[1] Counsel for Home Depot U.S.A., Inc. subsequently contacted the undersigned's chambers to inform the Court that Home Depot only objected to a stay of discovery, not for a modification of the Scheduling Order. This issue became moot when the district judge ruled on the pending dispositive motions.

1

defendants Home Depot USA, Inc. ("Home Depot") and Entergy Louisiana, LLC ("Entergy"). (R. Doc. 1-2 at 1-4). Plaintiffs allege that while Mr. Moore was employed with S&H Trucking, Inc. ("S&H Trucking"), he suffered certain physical injuries when his commercial truck came into contact with low hanging electrical lines at a Home Depot facility. Prior to removal, Guarantee Insurance Company ("Guarantee") intervened in the action. (R. Doc. 1-2 at 16-18).

On December 1, 2016, Home Depot removed the action, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1).

On December 20, 2016, Entergy named S&H Trucking and WorldWide Staffing Resources, Inc. ("WorldWide") as third-party defendants. (R. Doc. 9).

On January 31, 2017, the Court issued a Scheduling Order establishing, among other things, the deadline to complete non-expert discovery on February 2, 2018, the deadline to file dispositive motions on July 13, 2018, and for trial to commence on January 14, 2019. (R. Doc. 16).

On April 5, 2017, the Court entered Entergy's First Supplemental and Amending Third Party Demand into the record. (R. Doc. 37). Through this amended pleading, Entergy named as additional third-party defendants Commercial Coolants, Countrywide Payroll & HR Solutions, Inc. ("Countrywide"), Fleet Personnel Corporation ("Fleet"), Richard L. Morris ("Morris"), and Project RLM Consulting LLC ("RLM"). (R. Doc. 37).

On May 22, 2017, the Court entered Plaintiffs' Amended Complaint into the record. (R. Doc. 50). The sole new party added at that time was Depositors Insurance Company ("Depositors").

On July 31, 2017, the Court entered Entergy's Second Supplemental and Amending Third Party Demand (R. Doc. 74). Through this amended pleading, Entergy named as additional third-party defendants Donald Hargett ("Hargett") and Douglas Herfurth ("Herfurth").

On November 3, 2017, Plaintiffs filed their instant motion seeking an extension of the deadlines to disclose experts and to submit expert reports. (R. Doc. 97).

On November 8, 2017, Commercial Coolants filed its instant motion for either a stay of discovery pending a ruling on the dispositive motions in this action or modification of the deadlines in the current scheduling order in light of the addition of certain parties after the scheduling order was issued. (R. Doc. 98).

On November 11, 2017, the district judge ruled on all pending dispositive motions, dismissing certain claims and the parties WorldWide Staffing and Countryside from the action. (R. Doc. 100). Accordingly, Commercial Coolants' motion is moot to the extent it seeks a stay of discovery pending these rulings.

## II.     Law and Analysis

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to

cure such prejudice. *See Leza v. City of Laredo*, 496 F. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

The Scheduling Order informed the parties that "[j]oint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically" and that "[e]xtensions of deadlines governing discovery must be supported with information describing the discovery already completed, what necessary discovery remains, the parties' efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery." (R. Doc. 16 at 2-3).

Having reviewed the motions submitted by Plaintiffs and Commercial Coolants, the Court finds good cause for providing extensions of all deadlines through the completion of expert discovery. The Court entered its Scheduling Order on January 31, 2017 (R. Doc. 16). Several parties were subsequently added to this lawsuit, including Commercial Coolants, S&H, Fleet, Morris, and RLM on April 5, 2017 (R. Doc. 37), Depositors on May 22, 2017 (R. Doc. 50), and Hargett and Herfurth on July 31, 2017 (R. Doc. 74). Until the instant motion filed by Commercial Coolants, however, none of these parties have sought modification of the Court's Scheduling order or a stay of discovery in this action.

The briefing in support of the instant two motions does not indicate what discovery has been completed by these parties, what discovery remains to be completed, and whether the parties have been diligent in conducting discovery over the more than five months since all parties appeared. While the Court can accommodate the modest extensions of the expert disclosure and report deadlines requested by Plaintiffs, as well as corresponding extensions of the non-expert and expert discovery deadlines, the Court cannot substantially modify the dispositive motion deadline without interfering with the trial date. Neither of the instant motions

before the Court provides good cause for modifying that deadline at this time. The parties still have over seven months before the deadline for filing any dispositive motions.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Plaintiffs' Motion (R. Doc. 97) is **GRANTED** and Commercial Coolants' Motion (R. Doc. 98) is **GRANTED in part and DENIED in part.** Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, the following deadlines are established:

1. **Filing** all discovery motions and **completing** all discovery except experts: **March 30, 2018.**

2. Disclosure of identities and resumés of experts:

   **Plaintiff(s):** **December 4, 2017.**

   **Defendant(s):** **January 5, 2018.**

3. Expert reports must be submitted to opposing parties as follows:

   **Plaintiff(s):** **February 5, 2018.**

   **Defendant(s):** **April 20, 2018.**

4. Discovery from experts must be completed by **June 7, 2018.**

All other deadlines remain unchanged.

Signed in Baton Rouge, Louisiana, on November 27, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**