# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**STEVEN MOORE AND RENEE MOORE**　　　　　**CIVIL ACTION**

**VERSUS**

**NO. 16-810-BAJ-RLB**

**HOME DEPOT USA, INC., ET AL.**

## ORDER

Before the Court is Commercial Coolants, Inc. d/b/a Design Air Systems' ("Commercial Coolants") Motion for Leave of Court to File Counterclaim, Crossclaims, and Third-Party Complaint (R. Doc. 144) filed on April 30, 2018. Plaintiffs oppose the motion. (R. Doc. 148). Commercial Coolants filed a Reply. (R. Doc. 156).

**I.　Background**

On or about November 2, 2016, Steven Moore and Renee Moore ("Plaintiffs") initiated this action in the 19th Judicial District Court, East Baton Rouge, Louisiana, naming as defendants Home Depot and Entergy Louisiana, LLC ("Entergy"). (R. Doc. 1-2 at 1-5). Plaintiffs allege that Mr. Moore suffered certain physical injuries when his commercial truck came into contact with low hanging electrical lines at a Home Depot facility. The action was removed on December 1, 2016. (R. Doc. 1).

On January 31, 2017, the Court issued a Scheduling Order setting various deadlines in this action, including the deadline to join other parties or to amend the pleadings by April 3, 2017, and a trial date of January 14, 2019. (R. Do. 16).

On April 5, 2017, the Court entered Entergy's First Supplemental and Amending Third Party Demand into the record, which named additional third-party defendants, including Commercial Coolants. (R. Doc. 37).

On April 11, 2017, the Court extended the deadline to join other parties and to amend the pleadings to July 3, 2017. (R. Doc. 39).

On May 17, 2017, Commercial Coolants made its first appearance. (R. Doc. 47).

On May 22, 2017, the Court entered Plaintiffs' Amended Complaint into the record, which named Commercial Coolants as a defendant. (R. Doc. 50).

On June 2, 2017, Commercial Coolants filed a motion to dismiss the third-party demand brought by Entergy. (R. Doc. 54).

On July 25, 2017, Commercial Coolants filed a motion to dismiss the Plaintiffs' claims. (R. Doc. 71).

On November 8, 2017, the district judge denied both of the motions to dismiss filed by Commercial Coolants. (R. Doc. 100).

On November 21, 2017, Commercial Coolants answered Plaintiffs' Amended Complaint. (R. Doc. 101).

On April 16, 2018, the Court extended, among other things, the deadline to complete non-expert discovery to July 2, 2018, and the deadline to file dispositive motions to August 13, 2018. (R. Doc. 133).

On April 30, 2018, Commercial Coolants filed the instant motion. Commercial Coolants "seeks leave of court to file a counterclaim for indemnity against Steven Moore; crossclaims for indemnity against Defendants, Fleet Personnel Corporation and S&H Trucking, Inc.; and a third-party complaint against Lennox Industries, Inc. and Curbs Plus, Inc." (R. Doc. 144-1 at 1). Commercial Coolants represents that during depositions conducted in March and April of 2018, it "discovered facts indicating that, *inter alia*, Steven Moore, Fleet Personnel Corporation, S&H Trucking, Inc., Lennox Industries, and Curbs Plus, Inc., were persons responsible for the work to

be conducted at the Home Depot Store on November 2, 2015, when Steven Moore sustained injuries." (R. Doc. 144-1 at 3). Lennox Industries and Curbs Plus are not currently parties to this action.

## II. Law and Analysis

After a scheduling order is in place, leave to file additional pleadings beyond the date set by the scheduling order is governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *S & W Enter.*, 315 F.3d at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to assert new claims in a pleading: "(1) the explanation for the failure to timely move for leave to [assert the additional claims]; (2) the importance of the [additional claims]; (3) potential prejudice in allowing the [the additional claims]; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)). Furthermore, a defendant "must, by motion, obtain the court's leave if it filed a third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

The first and second factors weigh in favor of allowing the proposed counterclaim and crossclaims. Commercial Coolants has identified specific deposition testimony provided by Mr. Moore on March 22, 2018 indicating that, contrary to the allegations in the Petition, he may have decided to park at a location under the high voltage power lines absent direction from Home Depot. (R. Doc. 158 at 1-2). Accordingly, Commercial Coolants obtained discovery supporting

3

the filing of a counterclaim against Plaintiffs, and crossclaims against Fleet Personnel and S&H Trucking. While it is unclear why Commercial Coolants waited over a month to file the instant motion, there is no dispute regarding the importance of the counterclaim and crossclaims. Plaintiffs, the only parties who opposes the instant motion, do not argue that the proposed claims against it are futile. Finally, the counterclaim asserted against Plaintiffs appears to be compulsory and, accordingly, important to Commercial Coolants. *See* Fed. R. Civ. P. 13(a)(1). Furthermore, that Commercial Coolants is raising a claim against Plaintiffs for indemnity cannot come as surprise as Commercial Coolants already raised the defense of Plaintiffs' comparative fault in its answer. (R. Doc. 101 at 5).

The first and second factors, however, do not weigh in favor of allowing the addition of the proposed third-party claims against Lennox Industries and Curbs Plus. While Commercial Coolants asserts that Lennox Industries and Curbs Plus "were responsible for dispatching Steven Moore to deliver curb adapters to the Baton Rouge Home Depot store," it does not identify the specific discovery obtained revealing the role of those two entities. (R. Doc. 144-1 at 6). Commercial Coolants notes that "no discovery was conducted" during the pendency of its motions to dismiss. (R. Doc. 144-1 at 2). The Court did not issue a stay of discovery during the pendency of those motions, and any decision not to conduct discovery regarding potential third-party defendants was Commercial Coolants' own decision.[1] Commercial Coolants clearly was not diligent in determining possible claims for indemnity against Lennox Industries or Curbs Plus.

---

[1] The Court issued its first Scheduling Order in this action on January 31, 2017. (R. Doc. 16). Guarantee Insurance Company filed a "Notice of Automatic Stay" on December 20, 2017. (R. Doc. 110). The Court issued a stay of discovery on January 4, 2018, and lifted the stay on February 5, 2018. (R. Docs. 120, 121). Any Discovery is set to close on July 2, 2018. (R. Doc. 133).

4

Commercial Coolants acknowledges the potential prejudice to Plaintiffs if Lennox Industries or Curbs Plus are added as third-party defendants this late in the action, as those new parties may seek to reopen discovery to protect their interests. Commercial Coolants suggests that any such concerns regarding prejudice could be obviated if the Court grants leave to assert the counterclaims and crossclaims against the current parties to the litigation, but denies leave as to the third-party complaint against Lennox Industries and Curbs Plus. (R. Doc. 156 at 3-4). Given the foregoing concession, the Court finds that Commercial Coolants has not established the importance of its proposed claims in this current action against Lennox Industries and Curbs Plus.

The third and fourth factors weigh in favor of allowing the proposed counterclaim and crossclaims, and denying leave to add the third-party complaint. As discussed above, Commercial Coolants has asserted, and the Court agrees, that Plaintiffs' arguments regarding prejudice are alleviated, if not obviated, if the Court only allows Commercial Coolants to assert its proposed counterclaim and crossclaims, and denies leave to add the third-party complaint. The addition of Lennox Industries and Curbs Plus as third-party defendants this late in the litigation has the possibility of disrupting the Court's deadlines, including the trial date, should those parties seek to reopen discovery. The addition of the proposed crossclaims and counter-claims against existing parties, however, will result in little if any prejudice.

In light of the foregoing, the Court finds good cause pursuant to Rule 16(b)(4) to allow Commercial Coolants to assert the proposed counterclaim and crossclaims, but not the proposed third-party complaint.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Commercial Coolants' Motion for Leave of Court to File Counterclaim, Crossclaims, and Third-Party Complaint (R. Doc. 144) is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that within **3 days** of the date of this Order, Commercial Coolants may file its Counterclaim and Crossclaims into the record without seeking further leave of court. Any such filing shall not materially alter the proposed Counterclaim and Crossclaims submitted with the instant motion, with the exception that the Third-Party Complaint shall be removed. (*See* R. Doc. 144-2).

Signed in Baton Rouge, Louisiana, on June 4, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**