UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| STEVEN MOORE, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| HOME DEPOT USA, INC., ET AL. | NO.: 16-00810-BAJ-RLB |

## RULING AND ORDER

Before the Court are Plaintiffs Steven and Renee Moore's **Motions to Dismiss (Docs. 223, 224)** the Counterclaims (Docs. 164, 204) that Defendants Commercial Coolants and RLM Consulting have filed against them.[1] For the reasons that follow, Plaintiffs' **Motions (Docs. 223, 224)** are **GRANTED**.

I.  BACKGROUND

Steven Moore was electrocuted by an Entergy-owned powerline suspended above a Home Depot parking lot. (Doc. 1-2). At the time, he was delivering supplies to Home Depot for use in a construction project. (*Id.*). He and his wife sued Home Depot and Entergy for negligence. (*Id.*). Entergy then impleaded the manager of the project, RLM Consulting, and a subcontractor on the project, Commercial Coolants, claiming indemnity under the Louisiana Overhead Power Line Safety Act, Louisiana Revised Statutes 45:141 through 45:146. (Doc. 37).

---

[1] "Commercial Coolants" refers to Defendant Commercial Coolants, Inc., d/b/a Design Air Systems. "RLM Consulting" refers to Defendants RLM Consulting, LLC, Richard Morris, Donald Hargett, and Douglas Herfurth.

1

Entergy alleges that RLM Consulting and Commercial Coolants violated the Overhead Power Line Safety Act because they did not notify Entergy of a plan to work within ten feet of Entergy's high voltage overhead power line. (Doc. 37, ¶ 7). Entergy also alleges that RLM Consulting's and Commercial Coolants' violations of the Overhead Power Line Safety Act caused Steven Moore's electrocution. (*Id.* at ¶ 8). And Entergy concludes that the Overhead Power Line Safety Act requires RLM Consulting and Commercial Coolants to pay Entergy the costs it has incurred defending this lawsuit. (*Id.* at ¶ 9).

After Entergy impleaded RLM Consulting and Commercial Coolants, Plaintiffs amended their Complaint to allege negligence claims against both parties. (Doc. 50). RLM Consulting and Commercial Coolants then counterclaimed against Plaintiffs for indemnity. (Docs. 164, 204). The Counterclaims are nearly identical: both allege that Steven Moore violated the Overhead Power Line Safety Act, and that if Entergy receives a judgment against RLM Consulting or Commercial Coolants under the Overhead Power Line Safety Act, then Plaintiffs must indemnify RLM Consulting or Commercial Coolants. (Docs. 164, ¶ 9; 204, ¶ 12).

Plaintiffs now move to dismiss the Counterclaims for failure to state plausible indemnity claims.[2] (Docs. 223, 224). Plaintiffs argue that because the Overhead Power Line Safety Act creates a remedy only for "owner[s]" or "operator[s]" of "high

---

[2] Plaintiffs also argue that RLM Consulting and Commercial Coolants lack standing to sue under the Overhead Power Line Safety Act. (Docs. 223, 224). Plaintiff's standing argument is actually an attack on the sufficiency of the allegations of the Counterclaims, so the Court considers only Federal Rule of Civil Procedure 12(b)(6). (*Id.*).

2

voltage power line[s]," and because neither RLM Consulting nor Commercial Coolants alleges that it is an "owner" or "operator" of a "high voltage power line," the Counterclaims fail to state plausible indemnity claims. (Docs. 223-1, 224-1). RLM Consulting and Commercial Coolants disagree. (Docs. 270, 272). They filed separate opposition briefs raising the same three-part argument: (1) the Overhead Power Line Safety Act permits Entergy to collect *all* of its damages from *any* party that has violated the Act; (2) Steven Moore violated the Overhead Power Line Safety Act; (3) if either RLM Consulting or Commercial Coolants is adjudged to have violated the Act, and Entergy elects to collect *all* of its damages from either party, then the party which paid Entergy is entitled to indemnity from Plaintiffs. (Docs. 270 at p. 4; 272 at p. 2).[3]

## II. LEGAL STANDARD

To overcome Plaintiffs' Motions to Dismiss, RLM Consulting and Commercial Coolants must plead plausible claims for relief. *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Plaintiffs are liable for the misconduct alleged. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of the Counterclaims and views those facts in

---

[3] Commercial Coolants attaches to its opposition brief excerpts from the depositions of S&H Trucking employees Steven Moore, Rick Hight, Bob Clayton and Glen Holland. (Docs. 270-1, 270-2, 270-3, 270-4). Their testimony indicates that it was Steven Moore's responsibility to unstrap his load in a safe area and thus that Steven Moore is solely responsible for the electrical contact. (*Id.*). The testimony does not negate Entergy's allegations of actual fault against Commercial Coolants.

3

the light most favorable to RLM Consulting and Commercial Coolants. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

## III. DISCUSSION

RLM Consulting and Commercial Coolants do not explain the source(s) of their indemnity claims. (Docs. 164, 204). So the Court considers both statutory and tort indemnity to decide if RLM Consulting and Commercial Coolants have pleaded plausible counterclaims for indemnity.

### A. Statutory Indemnity

The Overhead Power Line Safety Act does not create an indemnity cause of action in favor of RLM Consulting or Commercial Coolants. *See* LA. R.S. 45:144. The Act grants only "owner[s]" or "operator[s]" of "high voltage overhead line[s]" the right to sue. LA. R.S. 45:144(A). Neither RLM Consulting nor Commercial Coolants alleges that it is an "owner" or "operator" of a "high voltage overhead line." (Docs. 164, 204). Nor can they. (*Id.*). RLM Consulting is a construction project management company; Commercial Coolants is a contractor. (*Id.*). Neither is in the utility business. (*Id.*). Thus, RLM Consulting and Commercial Coolants cannot plead plausible counterclaims for statutory indemnity under the Overhead Power Line Safety Act.

### B. Tort Indemnity

A party whose fault is constructive may claim tort indemnity from the party whose actual fault caused constructive liability to be imposed. *Nassif v. Sunrise Homes, Inc.*, 98-3193 (La. 6/29/99); 739 So. 2d 183, 185. For example, an employer

4

held vicariously liable for the tort of its employee may claim tort indemnity from the actually-at-fault employee. *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976, 985 (5th Cir. 1985) (citing *Truxillo v. Gentilly Med. Building, Inc.*, 225 So. 2d 488, 494–496 (La. Ct. App. 4th Cir. 1969)). But a party alleged to be actually at fault cannot claim tort indemnity. *Ducre*, 752 F.2d at 985; *Snyder v. Asercion*, No. 13-CV-4752, 2013 WL 6004052, at *5 (E.D. La. Nov. 3, 2013) (dismissing indemnity claim because would-be indemnitee was alleged to be actually at fault); *Lombard v. New Orleans Naval Support Auth.*, No. 03-CV-3020, 2004 WL 2988483, at *10 (E.D. La. Dec. 10, 2004) (same);

RLM Consulting and Commercial Coolants cannot recover tort indemnity from Plaintiffs because Entergy alleges that the actual fault of both parties caused Steven Moore's electrocution. (Doc. 37, ¶¶ 8-11). In particular, Entergy alleges that RLM Consulting and Commercial Coolants "failed to survey the construction site to recognize and make a plan to avoid or mitigate hazards to Mr. Moore's personal safety" and "failed to designate a safe place for Mr. Moore to do his work." (Doc. 37, ¶ 11). Entergy also alleges that RLM Consulting and Commercial Coolants violated the Overhead Power Line Safety Act by failing to notify Entergy of any plan to work within ten feet of Entergy's overhead power line. (*Id.* at ¶ 7). These are allegations of *actual* fault—not technical or constructive fault. (*Id.*). Because the allegations of fault directed at RLM Consulting and Commercial Coolants cannot "be characterized as merely technical or constructive," the Counterclaims cannot allege plausible claims for tort indemnity against Plaintiffs. *Ducre*, 752 F.2d at 985.

5

Neither RLM Consulting nor Commercial Coolants directs the Court to any "foreseeable combination of findings" that could result in either party being cast in judgment to Entergy under the Overhead Power Line Safety Act for technical or constructive fault. *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 268 (5th Cir. 1991). If either party is adjudged liable to Entergy under the Overhead Power Line Safety Act, it will be because that party—through its actual fault—violated the Overhead Power Line Safety Act. *See* LA. R.S. 45:144(A).

### C. Leave to Amend

RLM Consulting asks for leave to amend its Counterclaim in the event the Court finds, as it now has, that RLM Consulting's Counterclaim fails to plead a plausible indemnity claim.[4] (Doc. 272, p. 1). Amendment would be futile. *See Snyder*, 2013 WL 6004052, at *5. Because Entergy has alleged that RLM Consulting and Commercial Coolants are actually at fault, neither party can replead its Counterclaim in a way that states a plausible claim for indemnity. *Threlkeld*, 922 F.2d at 267–268.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Dismiss (Doc. 223)** Commercial Coolants, Inc's Counterclaim is **GRANTED**. Commercial Coolants, Inc.'s Counterclaim is **DISMISSED**.

---

[4] Commercial Coolants did not request leave to amend. (Doc. 271).

**IT IS FURTHER ORDERED** that Plaintiffs' **Motion to Dismiss (Doc. 224)** RLM Consulting, LLC's Counterclaim is **GRANTED**. RLM Consulting, LLC's Counterclaim is **DISMISSED**.

Baton Rouge, Louisiana, this 9th day of November, 2018.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**